LEVISTONES
*v.*
LANDREAUX

---

## FREDERICK TUDOR *v.* JOHN E. and NATHAN THAYER.

Where absent defendants are sued for the cancellation of a mortgage recorded in this State, and for damages, and the absentees, through the curator *ad hoc* appointed to represent them, consent to the cancellation of the mortgage, but plead to the jurisdiction of the court as to the claim for damages, the court cannot entertain jurisdiction of the claim for damages against the absentees.

The circumstance that an absentee states his grounds of defence to the curator *ad hoc* appointed to represent him, does not prevent him from objecting to the jurisdiction of the court.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Stewart*, for plaintiff. *J. P. Wilde*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. This is an action instituted to obtain the cancellation of a mortgage granted by plaintiff to defendants on lands in New Orleans and recorded here, the surrender of a note made by plaintiff for $15,000 secured by the mortgage, and also to recover $20,000 damages. The parties are all residents of Boston, where the contracts were made. There was no personal citation. A curator *ad hoc* was appointed to represent the defendants. He filed an answer in which he consents, under instructions received by him from the defendants, that the registry of the mortgage be cancelled ; but alleges that the debt for which the mortgage was given has not been fully paid. He further pleaded, that the existence of the mortgage was the only basis for the jurisdiction of the court; that the defendants had not been cited, and that he had no authority to appear for them except under the appointment of the court; that, therefore, touching any demands of plaintiff beyond the cancelling of the mortgage, he pleaded to the jurisdiction of the court.

We think the plea to the jurisdiction should have been sustained, and that the court was without authority to render a judgment personally binding upon the defendants as a settlement of the accounts of the parties, and mulcting them in damages for the alleged injury of the plaintiff's credit. See *Dupuy* v. *Hunt*, 2d Ann. 562. *Peterson* v. *McRea*, 101.

It is true, that the defendants in answer to the curator's letter informing them of his appointment by the court, furnished him a statement of their grounds of defence to the action, which he has embodied in his plea; but we do not under-

TUDOR
v.
THAYER.

stand them as intending to waive any valid defence which could be made to the proceeding; and the curator has throughout acted in that capacity, and carefully abstained from appearing as an attorney at law or counsel for the defendants.

Whether the curator might not have successfully pleaded unqualifiedly to the jurisdiction of the court, is a question not urged by the appellants, and upon which we need not express an opinion.

It is therefore decreed, that the judgment of the district court be reversed. It is further decreed, that the registration of the mortgage in favor of the defendants in the petition described be cancelled; that the costs of this suit in the court below, incurred down to the 2d May, 1849, be paid by the appellants, and that the residue of costs be paid by the plaintiff.