No. 356.—C. B. CONNELL v. ALLEN MEDLOCK.

In attachment proceedings against a non-resident the sheriff must follow strictly the requirements of the Code of Practice in serving the attachment and citation by affixing copies of the same on the door of the building in which the court that issued the process is held, and the return of the sheriff must show that these formalities have been complied with, under penalty of nullity. C. P. 254.

APPEAL from the Tenth Judicial District Court, parish of De Soto. Levisee, J. Elam & Wemple, for plaintiff and appellee. Henry G. Hall, for defendant and appellant.

WYLY, J. The defendant appeals from the judgment confirming the default and giving the plaintiff an attaching creditor's privilege on his property, the ground for the attachment being that plaintiff was a creditor for five hundred and ninety-one dollars and twenty-five cents, and the defendant was an absentee. The defendant asks for a reversal of the judgment, on the ground that the writ of attachment was not posted as required by law.

It seems that the citation was posted at the door of the courthouse, and the copy of the petition was served on the attorney ad hoc.

The sheriff's return does not mention that he affixed a copy of the attachment to the door of the room in which the court is held. If the defendant is an absentee, " in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which the suit is pending is held." C. P. 254.

These formalities stand in place of citation served on the defendant, and must be strictly complied with. 3 R. 232; 12 R. 462; 9 An. 550.

It is therefore ordered that the judgment herein be set aside, and that this cause be remanded in order to make service of citation according to law and for new trial. It is further ordered that appellee pay costs of appeal.