Herber vs Abbott.

## II.

---

## No. 9953.

### MICHAEL HERBER vs. ROBERT ABBOTT.

A judgment that has been rendered in an attachment suit against an absentee, represented by a curator *ad hoc*, is one *in rem*, and not *in personam*. It affects the property attached only.

In such case the jurisdiction of the court is derived from the seizure of the property, and its judgment has no validity except against the thing thus subjected to its control.

Herber vs. Abbott.

The registry of such a judgment does not result in a judicial mortgage, and a subsequent lease of the property is unaffected thereby.

APPEAL from the Civil District Court, for the Parish of Orleans. *Houston*, J.

*Braughn, Buck, Dinkelspiel & Hart,* for Plaintiff and Appellant.
*Howe & Prentiss* and *John H. Kennard,* for the Garnishee, Appellee.

The opinion of the Court was delivered by.

WATKINS, J. This is a garnishment proceeding, in which Thomas E. Herndon is sought to be made liable, upon a traverse of his answers as untruthful, for the amount of a judgment of $2600 against Abbott, an absentee. The garnishee denied the possession of any property of, or the existence of any indebtedness to Abbott.

The plaintiff's reliance is upon the following state of facts, viz:

That on the 9th of April, 1883, in attachment suit, he obtained a judgment against Abbott, with recognition of his attachment of the Planters' Cotton Press, in this city, said absentee being therein represented by a curator *ad hoc.*

This judgment was recorded in the Mortgage Office on the 15th of May following. Thereafter a *fi. fa.* was issued, the property attached was seized and offered for sale, but no sale was effected, mainly because there was no bid for an amount sufficient to discharge prior special mortgages; and the writ was returned without a copy having been retained, and the seizure lapsed and became relinquished.

That at the time of the attachment of the cotton press it was under lease to the garnishee, and this lease expired on the 1st of September, 1884.

That subsequent to the registry of plaintiff's judgment, this property was again leased to the garnishee for a term of three years. In this attitude of affairs these proceedings were commenced on the 30th of November, 1886.

His contention is that Herndon's lease in 1884, subsequent to recordation of his said judgment, resulting in a judicial mortgage on the property, became subject to said mortgage.

That he was entitled to, and did seize the cotton press, and its rents and revenues that had arisen into existence since the registry of said judgment, under an *alias* writ of *fi. fa.*

He does not rest his garnishment upon the attachment, or the lien resulting therefrom; and he does not claim that the rents sought to be seized thereby were then in existence.

To the proceedings the garnishee excepted on the following grounds, viz:

1st. That the district court was without jurisdiction.

2d. That plaintiff's judgment against Abbott, an absentee, in a proceeding wherein he was not cited *personally*, and was only personated by a curator *ad hoc*, can be executed only against the property attached (*if any*), and no other seizure or garnishment can be made under said judgment.

3d. That no property was ever attached in his hands.

Hence we have the following propositions for discussion and solution, viz:

1st. Does the registry in the book of mortgages of a judgment obtained against an absentee, in an attachment suit, who is represented by a curator *ad hoc*, operate a judicial mortgage against his property?

2d. Under an *alias* writ of *fi. fa.*, issued under such recorded judgment, can the lease of said absentee—whose contract of lease is subsequent in date and registry to the judgment—become compelled, by garnishment, to pay his rents to the attaching creditor, notwithstanding he has issued negotiable promissory notes therefor, payable at future dates?

I.

The plaintiff relies on the authority of Summers & Brannon vs Clark, S. L. Boyd, garnishee, 36 Ann. 436, in which it was held that a lease of real estate, made in good faith, and duly recorded, could not be affected by a seizure of the leased property on the part of the lessor's creditors, unless they had a prior mortgage, duly recorded. In that case the plaintiffs had a judgment *in personam* against Clark, and the lease of Boyd had not been recorded when the seizure was effected. The plaintiffs seized the property of Clark and its revenues and held them. In the suit of plaintiff against Abbott his judgment was one *in rem*.

In an attachment suit against an absentee, represented by a curator *ad hoc*, the judgment rendered is *in rem*, and only affects the property attached. An action is not personal, though founded on a personal obligation, accompanied by an attachment of property, unless it is based on a *personal* citation to the debtor. In such case the judgment bears exclusively on the property attached.

In 4 Ann. 586, Forest vs. Piane, it was held: "There is a manifest distinction between the case of a court which has acquired *personal* jurisdiction and that of a court whose jurisdiction being exercised only *in rem*, rests solely upon the property attached. In the latter's case

the power of a court seems to us to be limited to its territorial limits. It acts upon the thing, not upon the person of its owners. Its jurisdiction is derived from the seizure of the property, and its *judgment has no vitality except against the thing thus subjected to its control."*

In George vs. LeGrand, 3 Ann. 652, it was most distinctly held that a judicial mortgage does not result from the registry of a judgment *in rem*. 3 Ann. 301, Jobson vs. McRae; 6 Ann. 549, Page vs. Generes.

Indeed, we do not see how such a judgment could operate as a judicial mortgage—affecting the present and future property of an absentee, *not personally* cited at its rendition—without impeaching our own jurisprudence and that of the Supreme Court. 2 Ann. 663, 916, 569, 1010; 95 U. S. 714, Pennoyer vs. Neff.

This being the case, the first proposition must be decided in the negative.

## II.

Inasmuch as the effect of a judicial mortgage cannot be given to the registration of a judgment *in rem*, and as it bears upon the property attached alone, it is of no consequence when the contract of lease is entered into, or recorded.

Question has been made and argued by the garnishee's counsel whether the *original* attachment could be extended to rents accruing subsequently; but as we understand from the printed and oral arguments of plaintiff's counsel, no such claim is made, and hence the question need not be decided.

Having reached the conclusion that the contention of the plaintiff is not well grounded in law, it is needless to discuss others that have been argued.

Judgment affirmed.