(92 South. 699)

No. 25088.

## PUGH et al. v. FLANNERY et al.

(June 23, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Attachment ⬡⇒206—Service on garnishee of no force when copy not posted.**

Where a certified copy of the original writ of attachment was not posted as required by Code Prac. art. 254, with respect to nonresident defendants, service of the writ on the garnishee was illegal and of no effect, and no jurisdiction was acquired by the illegal seizure.

**2. Attachment ⬡⇒1—Constitutes basis of jurisdiction against nonresident.**

Under Code Prac. arts. 254 and 255, a writ of attachment in the case of a nonresident is not merely a conservatory writ, but the basis and foundation of the jurisdiction, which cannot be acquired except under the very letter of the law.

**3. Attachment ⬡⇒206—Essentials of jurisdiction against nonresident not personally served stated.**

In the absence of personal service against a nonresident, to vest the court with jurisdiction, there must be property of the nonresident within its territorial jurisdiction, and such property must be validly seized or levied upon under process issued by the court.

**4. Attachment ⬡⇒232—Failure to comply strictly with law as to posting citation and writ is fatal.**

In a suit by attachment against a nonresident, failure to comply with the strict provisions of the law as to posting the citation and writ is fatal, and the suit must be dismissed on exception to the jurisdiction duly filed.

**5. Courts ⬡⇒39—Issue raised by exception to the jurisdiction cannot be affected by anything done after filing.**

After the filing of an exception to the jurisdiction, nothing can be done to change or affect the issue pending its disposition by the court.

**6. Attachment ⬡⇒155—Original citation and writ of attachment could not be again issued or served after return.**

After return to the clerk's office of the original citation and writ of attachment and their filing, they could not again be issued or served to correct a defective service; the remedy being to apply for an alias writ which could only issue upon a new oath, a new order, and a new bond.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by J. C. Pugh and others against J. Rogers Flannery with L. P. Garrot, as curator ad hoc. From a judgment sustaining a plea to the jurisdiction, plaintiffs appeal. Amended and affirmed.

Wilkinson, Lewis & Wilkinson and Pugh & Boatner, all of Shreveport, for appellants.

Thigpen, Herold & Lee, of Shreveport, for appellee Garrot, curator ad hoc.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

LAND, J. The plaintiffs, alleging that the defendant, a nonresident, is indebted to them in a large sum, caused a writ of attachment to issue in the parish of Caddo, a curator ad hoc to be appointed, and, under said writ, cited George O. Baird, a resident of said parish, as garnishee, alleging that he was indebted to the defendant.

The petition was filed on August 24, 1921, and on the same date citations were issued to the defendant through the curator ad hoc and to the garnishee, and a writ of attachment was issued to the sheriff directing him to seize the property and credits of the defendant.

The citation issued to the defendant was served August 28, 1921, upon the curator ad hoc in person, and the writ of attachment was served August 24, 1921, upon the garnishee in person.

On August 28, 1921, the original citations and writ of attachment, with the returns thereon, were filed by the sheriff in the office of the clerk of the court, and on September 30, 1921, the curator ad hoc filed an exception to the jurisdiction of the court, on the ground that the writ of attachment and cita-

tions had not been legally served by affixing the copies thereof to the door of the room in the courthouse where the suit was pending, as prescribed by articles 254 and 255 of the Code of Practice, and on the further ground that the defendant is sued through a curator ad hoc appointed by the court, and upon whom service was made, prior to and in the absence of the posting of the writ of attachment and citation upon the main door of the courtroom, as required by law.

After this exception to the jurisdiction of the court had been filed, plaintiffs, in an attempt to cure the defects in the service and to vest the court with jurisdiction, caused the clerk of the court to issue a second citation bearing the same date as the original citation, and placed said citation, together with the original writ of attachment, in the hands of the sheriff, who, under date of October 6, 1921, served the same on defendant, by posting a certified copy of the second citation and a certified copy of the original on the principal door of the courtroom of section A of the First judicial district court of Louisiana.

On October 10, 1921, the exception to the jurisdiction was tried, argued and submitted, and on October 26, 1921, was overruled, a bill being reserved to said ruling by the curator ad hoc.

On October 27, 1921, the plaintiffs caused the clerk of the court to issue three citations, two addressed to defendant, and one to the garnishee. One of the citations addressed to the defendant was served on the curator ad hoc in person, and the other was served by posting on the door of the courthouse of civil section A. The garnishee was served in person with certified copies of the citation, of plaintiff's petition, and of the interrogatories.

On November 4, 1921, plaintiffs, by supplemental petition, prayed that an alias writ of attachment issue, and that the Gulf Refining Company of Louisiana be made garnishee, in order to answer certain interrog-atories propounded to it, and on said date an order granting the request was signed by the judge. On November 5, 1921, the supplemental petition was filed by plaintiffs, with the necessary bond, and an alias writ and citation addressed "to J. Rogers Flannery, through Thigpen & Herold, attorneys of record," were issued and served on November 25, 1921.

The writ of attachment was served as follows: On J. A. Thigpen, attorney of record, in person; on the Gulf Refining Company, C. R. Minor, vice president, in person; and on defendant, by posting a certified copy of same on the principal door of the courtroom of civil section A of the First judicial district court of Louisiana.

The citations issued to the nonresident defendant were served as follows: By posting a certified copy on the principal front door of the courtroom of civil section A of the First judicial district court of Louisiana, and by handing a certified copy of plaintiffs' petition to J. A. Thigpen, attorney of record, in person.

On November 12, 1921, the Gulf Refining Company of Louisiana answered the garnishment served on it, and denied it was indebted unto defendant in any sum whatever, and on the same date the curator ad hoc for the absent defendant again excepted to the jurisdiction, alleging:

"(1) That on the 24th day of August, 1921, he was served as curator ad hoc for the absent defendant, J. Rogers Flannery, with a copy of the citation and of the petition in this case.

"(2) That on the 30th day of September, 1921, he filed an exception to the jurisdiction of this court.

"(3) That on the 10th day of October, 1921, the exception was tried and submitted, and on the 26th day of October, 1921, was overruled.

"(4) That on the 29th day of October, 1921, he filed a motion for a new trial.

"(5) That on the 27th day of October, 1921, the clerk of the court, under instructions from plaintiffs, issued a new citation and a new writ of attachment, and on the 28th day of October, 1921, served the same in the follow-

ing manner, to wit: By posting a certified copy of the writ of attachment on the principal door of the courtroom, civil section A, and by serving your appearer with a certified copy of the citation addressed to him as curator ad hoc and with a certified copy of the writ of attachment.

"(6) That the original citation to appear as curator ad hoc and the original writ of attachment in said cause, under date of August 24, 1921, were on about August 28, 1921, returned by the sheriff to the clerk of the court and duly filed, and that plaintiffs in said suit and the clerk of the said court were without authority, and could not of their own volition again legally issue and have served a new citation and writ of attachment without an order from the honorable court, obtained after fully complying with the legal requirements, and that therefore the service as on October 28, 1921, of a new citation and writ of attachment issued of date October 27, 1921, was an absolute nullity and without legal force and effect, and could not confer jurisdiction ratione materiæ et personæ in this court, and should be so decreed, and the curator ad hoc further prayed that the exception to the jurisdiction be sustained and plaintiffs' suit be dismissed."

On November 19, 1921, the plea to the jurisdiction of the court was sustained, and the suit ordered dismissed, and on October 23, 1921, judgment was duly signed, and from this judgment plaintiffs have prosecuted this appeal.

Article 254 of the Code of Practice provides that, if the defendant be absent or reside out of the state, in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which the suit is pending is held.

Article 255 provides also that in such cases the sheriff must keep the copy of the petition, in order to deliver the same to such party, should he appear, or to the advocate appointed to defend him, in his absence.

In the present case one of the orginal citations issued to "J. Rogers Flannery through L. P. Garrot, curator ad hoc," was served upon the curator ad hoc in person, together with a certified copy of plaintiffs' petition.

The other original citation, issued to "J. Rogers Flannery through L. P. Garrot, curator ad hoc," was served by posting a certified copy on the principal front door of the courtroom of civil section A of the First judicial district court of Louisiana.

The original writ of attachment issued in this case was served on George O. Baird in person, who was also served with a certified copy of the original citation issued to him as garnishee, and with a certified copy of plaintiffs' petition and of the interrogatories.

[1] It is clear that a certified copy of the original writ of attachment in this case was not posted as required by article 254 of the Code of Practice, and that the service of said writ on the garnishee was illegal and of no effect. Nothing, therefore, was levied upon in his hands, no actual seizure of any debt due by him, if any, was accomplished, and no jurisdiction acquired by such illegal seizure. Lemann v. Truxillo, 32 La. Ann. 74; Lehman v. Broussard, 45 La. Ann. 346, 12 South. 504.

[2] It is the established law of this state that a writ of attachment in the case of a nonresident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law allowing process. C. P. arts. 254, 255; Peterson v. McRae, 3 La. Ann. 101; Favrot v. Piane, 4 La. Ann. 584; Herber v. Abbott, 39 La. Ann. 1112, 3 South. 259; Laughlin v. Ice Co., 35 La. Ann. 1184; Elder v. Ludeling, 50 La. Ann. 1077, 23 South. 929.

[3] In the absence of personal service against a nonresident, to vest a court with jurisdiction, two conditions must concur: (1) There must be property of the nonresident in the territorial jurisdiction of the court; and (2) the property must be validly seized or levied upon under process issued by the court. Cooper v. Reynolds, 10 Wall. (U. S.) 308, 19 L. Ed. 932; Pennoyer v. Neff, 95 U. S. 730, 24 L. Ed. 565; New

York Ry. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292.

[4] In a suit by attachment against a nonresident, failure to comply with the strict provisions of the law as to posting citation and writ are fatal, and the suit must be dismissed on exception to the jurisdiction duly filed. Dupuy v. Hunt, 2 La. Ann. 562; Peterson v. McRae, 3 La. Ann. 101; Tudor v. Thayer, 6 La. Ann. 27; Stephens v. Graves, 9 La. Ann. 239; Walker v. Sanchez, 13 La. Ann. 506.

The attempt to cure the defects in the service of the citations and of the writ of attachment in the case, after the filing of the exception to the jurisdiction, by the issuance of other process, was nugatory.

[5] After the filing of an exception to the jurisdiction, nothing can be done to change or affect the issue pending its disposition by the court. Putnam v. Railroad Co., 3 Rob. 232; Lehman v. Broussard, 45 La. Ann. 346, 12 South. 504; Elder v. Ludeling, 50 La. Ann. 1077, 23 South. 929.

[6] Where the original citation and writ of attachment after service are returned to the clerk's office by the sheriff and duly filed, they cannot again be issued or served. Plaintiff's remedy is to apply to the court for an alias writ, which can only issue upon making a new oath, securing a new order, and making a new bond. Erwin v. Commercial Bank, 3 La. Ann. 186, 48 Am. Dec. 447; Savings Bank v. Harper, 12 Rob. 231, 43 Am. Dec. 226; Favrot v. Piane, 4 La. Ann. 584.

For these reasons the first exception to the jurisdiction filed September 30, 1921, should have been sustained, and plaintiffs' suit dismissed. The ruling of the lower court sustaining the last exception to the jurisdiction of the court, filed November 12, 1921, is correct and is approved.

Defendants reserved a bill to the overruling of the first exception to the jurisdiction, and have filed an answer to the appeal, praying that the judgment appealed from be amended so as to sustain this exception.

It is therefore ordered that the judgment appealed from be amended by sustaining the plea to the jurisdiction filed September 30, 1921, and overruled by the district court October 26, 1921, and such judgment, as amended, is affirmed.