**No. 2090**

---

**Second Circuit**

**PARRY v. COX**

---

(March 11, 1926. Opinion and Decree.)
(April 10, 1926. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Attachment—Par. 75, 98.**

A citation served upon an attorney appointed by the court cannot validate

a seizure under a writ of attachment or give the court jurisdiction as under Article 260 of the Code of Practice. The appointment of an attorney is made in order that issue may be joined and it is not essential that the attorney be served with the process.

**2. Louisiana Digest—Attachment—Par. 76.**

Under Article 254 of the Code of Practice in order to make a valid attachment of an absentee's property within the state it is necessary that the writ or mandate of attachment must be posted on the door. The posting of the petition and the order for the attachment is not sufficient.

**3. Louisiana Digest—Attachment—Par. 72; Garnishment—Par. 36.**

Where in an attachment suit no legal seizure was made upon the property of an absentee in the hands of the garnishee the court did not obtain jurisdiction and therefore the judgment rendered was null and void.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of DeSoto. Hon. John H. Boone, Judge.

Action by D. F. Parry on a writ against Sam Cox, defendant absentee.

There was judgment for plaintiff and defendant appealed.

Judgment reversed dismissing plaintiff's suit for lack of jurisdiction.

J. W. Parsons, of Mansfield, attorney for plaintiff, appellee.

R. S. Williams, of Mansfield, curator ad hoc for defendant.

Lee & Bell, of Mansfield, attorneys for intervenors, appellants.

WEBB, J. The transcript in this case shows:

That on September 5, 1923, Dillard F. Parry, plaintiff, brought suit against Sam Cox, an absentee, and under appropriate allegations, and after making affidavit, obtained an order, which was annexed to the petition, for appointment of an attorney to represent the absentee, and for writs of attachment against defendant and garnishment against the Longstreet State Bank.

That a bond was given, as required by law, and citations issued, two of which read as follows:

"Dillard F. Parry
    "versus
"Sam Cox.
                    "No. 10,960
            "In the Twelfth District Court,
            Parish of DeSoto, State of
                    Louisiana.

"To Sam Cox, Absentee; R. S. Williams, Attorney-at-Law, of the Parish of DeSoto, State of Louisiana:
    "You are hereby cited to appear in the office of the Clerk of the said court in the town of Mansfield, parish aforesaid, and comply with the demand contained in the petition, of which a copy is hereto annexed, or file your answer thereto in writing in the office of said clerk, in ten days after the service hereof, with one additional day for every ten miles between your residence and the office of said clerk; provided, however, that in no case shall the delay exceed fifteen days.
    "Witness, the Honorable John H. Boone, Judge of said Court, this 5th day of September, 1923.
(Seal)              "G. C. CALDWELL,
        "Deputy Clerk of the Said Court."

The return on one of the citations reads:

"Received the within citation on the 5th day of September, 1923, and on the

7th day of September, 1923, served the same on the within named Sam Cox absentee, * * * by attaching a copy hereof with copy of citation attached thereto on the front dor of the room in which the district court of DeSoto Parish, Louisiana, is held in the town of Mansfield, La.

(Signed) "J. D. BRIDGES,
"Deputy Sheriff."

And on the other:

"Parish of DeSoto, State of Louisiana.

"Received the within citation on the 5th day of September, 1923, and on the 6th day of September, 1923, served the same on the within Sam Cox, absentee, R. S. Williams, attorney-at-law of Mansfield, DeSoto Ph., La., by handing a certified copy thereof, together with a certified copy of plaintiff's petition, to R. S Williams, attorney, in person in the town of Mansfield, DeSoto Parish, La., and by further attaching a certified copy of said petition and citation on the front door of the room in which the District Court is held in the town of Mansfield, DeSoto Parish, La.

(Signed) "J. D. BRIDGES,
"Dy. Sheriff."

There was also issued on the 5th day of September, 1923, garnishment against the Longstreet State Bank reading as follows:

"Dillard F. Parry
"versus
"Sam Cox.
"Longstreet State Bank,
"Garnishee.
"No. 10,960.
"In the Twelfth Judicial District Court,
"Parish of DeSoto, State of Louisiana.
"The State of Louisiana and Said Court:
"To Longstreet State Bank, Garnishee, of the Parish of DeSoto, State of Louisiana:

"You are hereby cited to declare on oath what property belonging to the defendant in this case you have in your possession, or in what sum you are indebted to said defendant, and, also, to answer in writing, under oath, the interrogatories an-

nexed to the petition, of which a copy accompanies this citation, and deliver your answer to same in the office of the clerk of the District Court for the parish of DeSoto, State of Louisiana, within ten days after the service hereof, with one additional day for every ten miles between your residence and the office of the said clerk; provided, however, that in no case shall the delay exceed fifteen days.

"Witness the Honorable John H. Boone, judge of said court, this, the 5th day of September, 1923.

(Signed) "G. C. CALDWELL,
"Deputy Clerk of the District Court."
(Seal)

Upon which there appears the following:

"Received this writ of garnishment on the 5th day of September, 1923, and on the 6th day of the same month and year I served a certified copy hereof, together with a certified copy of plaintiff's petition and interrogatories attached thereto on the within named Longstreet State Bank, by handing same to W. B. Brewer, cashier of the said Longstreet State Bank, in person. in his office about 18 miles from the courthouse in the town of Mansfield, DeSoto Parish, La. The said W. B. Brewer informing me that the president and vice-president were absent at the time of service and that he, the said W. B. Brewer, had charge of the affairs of the said Longstreet State Bank at the time of service.

(Signed) "J. D. BRIDGES,
"Deputy Sheriff."

And also a writ of attachment reading as follows:

"The State of Louisiana.
"Dillard F. Parry
"versus
"Sam Cox.
"No. 10,960.
"Twelfth Judicial District Court,
"Parish of DeSoto.
"To the Sheriff of DeSoto Parish:
"Greeting:
"Whereas an order has been granted by the Honorable Judge of the Twelfth Judicial District Court, in and for the Parish of DeSoto, for a writ of attachment in

the above mentioned and numbered suit, bearing date of 5th day of September, A. D. 1923, now, therefore, you are hereby commanded, in the name of the State of Louisiana, and of the above mentioned court, to forthwith seize and attach and take into your possession, and the same safely keep until further order of this Honorable Court, all of the property, rights and credits found in DeSoto Parish, Louisiana, belonging to the said Sam Cox, to satisfy the sum of two hundred and thirty-three and 00-100 ($233.00) dollars, interests and costs of these proceedings.

"And when you shall have executed this writ, you will make due return to our said court.

"Witness the Honorable John H. Boone, judge of said court, this 5th day of September, A. D. 1923.

(Signed) "G. C. CALDWELL,
"Deputy Clerk of Court.
"DeSoto Parish, Louisiana."

Upon which there appears the following:

"Received this writ of attachment on the 5th day of September, 1923, and failing to find any property belonging to the said Sam Cox, absentee, in the parish of Desoto to attach, I hereby return this writ.

"This, the 7th day of September, 1923.

(Signed) "J. D. BRIDGES,
"Deputy Sheriff."

The answer of the Longstreet State Bank, garnishee, was filed on September 15, 1923, and the answer of R. L. Williams, curator for the absentee, was filed on November 26, 1923.

Trial was had in the District Court on November 26, 1923, and judgment on that date rendered as follows:

"Dillard F. Parry
"versus
"Sam Cox.
"Longstreet State Bank,
"Garnishee.

"No. 10,960.
"Twelfth District Court,
"Desoto Parish, Louisiana.

"In the above numbered and entitled matter, the same having come on regularly for trial and the law and evidence being a favor thereof, it is therefore ordered, adjudged and decreed that the plaintiff, Dillard F. Parry, have judgment against Sam Cox, in rem, for the sum of two hundred and thirty-three and 00-100 ($233.00) dollars, with five per cent per annum interest thereon from September 5, 1923, until paid.

"It is further ordered, adjudged and decreed that the writs of attachment sued out herein be sustained, with recognition and enforcement of plaintiff's lien and privilege as the first attaching creditor, and ordered that the attached property as shown by the sheriff's return on the writ of attachment be sold, after legal delays and advertisements, and that the plaintiff's judgment herein be paid by preference and priority to all other parties out of said attached property.

"It is further ordered, adjudged and decreed that the plaintiff have judgment against the Longstreet State Bank, made garnishee herein, for the sum of three hundred and twenty and 20-100 ($320.20) dollars, the amount shown in garnishee's possession as property of Sam Cox, and the garnishee be ordered and commanded to pay over to the sheriff of DeSoto parish, Louisiana, to apply on the judgment herein rendered the said sum of three hundred and twenty and 20-100 ($320.20) dollars, or sufficient amount thereof to pay the amount of this judgment, in principal, interest and costs.

"It is further ordered, adjudged and decreed that the defendant, Sam Cox, pay the cost of this suit.

"Thus done, read aloud and signed in open court on this, the 26th day of November, A. D. 1923.

(Signed) "JNO. H. BOONE,
"Clerk of the Twelfth District Court,
"DeSoto Parish, Louisiana."

On December 4, 1923, Albert Hanson and Chauncey J. Mason presented to the District Court a petition in which they alleged that they were creditors of Sam Cox and that the funds which had been garnisheed in the hands of the Longstreet State Bank and which it had been ordered to pay to plaintiff had been deposited to the credit of W. B. Brewer, trustee, who was to be instructed to pay out of such funds the claims due by Cox to them.

That they had been aggrieved by the judgment rendered in the case, and prayed for orders of appeal and citation to issue to the Longstreet State Bank, garnishee, Sam Cox, defendant, through the curator ad hoc heretofore appointed to represent Cox, and upon plaintiff, Dillard F. Parry, through his attorney of record.

The transcript shows that citations of appeal were served as prayed for.

On the date set for hearing in this court, the plaintiff, Dillard F. Parry, and garnishee, Longstreet State Bank, filed in this court the following motion:

"Dillard F. Parry,
    "versus
"Sam Cox, et al.

        "No. 2090.
       "Court of Appeal,
    "Second Circuit, Louisiana.

"In the above numbered and entitled matter now comes the plaintiff, Dillard F. Parry, and the garnishee, the Longstreet State Bank, and for answer to the appeal taken by Albert Hanson and Chauncey J. Mason, gives the court to understand and be informed that appearers make no objection to the case being remanded for trial to the Eleventh District Court.

"Wherefore, appearers hereby acquiesce in the remanding of said case, and for costs and general relief.

    (Signed) "J. W. PARSONS,
      "Attorney for Dillard F. Parry
        and Longstreet State Bank."

The cause was argued by counsel for appellants, Hanson and Mason, who also submitted briefs, but there was no other appearance than as above noted by the appellees.

### OPINION

The position taken by the appellants in this case is that the judgment rendered by the District Court was an absolute nullity, for the reason that the sheriff failed to attach a copy of the writ of attachment to the door of the court room.

The appellants contend that the transcript thus shows that the District Court never acquired jurisdiction and that the judgment rendered was an absolute nullity and this court should reverse the judgment and dismiss plaintiff's suit.

They cite several decisions in support of their contentions.

In a general way it appears that one who seeks to obtain judgment against an absentee by the process of attachment must have especial regard to two essentials for the validity of the judgment.

First: He must attend to the jurisdiction of the court.

Second: He must attend to the joining of issue before he takes judgment.

In order that the court may obtain jurisdiction over a non-resident by attach-

ment proceedings, it is necessary that the court obtain control of property belonging to the absentee, and in order for the court to obtain control of the property of an absentee it is necessary that the property of the absentee be taken into the possession of the court through its officers, and that this possession may be legal it is necessary that certain formalities be complied with, one of which is directed by the provisions of Article 254 of the Code of Practice, which reads as follows:

"If, * * * the defendant * * * reside out of the state, in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which the suit is pending is held."

This statute, considered in connection with the law relative to service of process, directs the posting of two documents, one a copy of the citation, the other of the attachment.

In this case the transcript shows that a copy of a citation addressed to "Sam Cox, absentee, R. S. Williams, attorney-at-law," together with a copy of the petition, was posted by the sheriff.

We do not find any decision where it was held that the court had failed to obtain jurisdiction where it was established that in addition to the citation the petition, containing the prayer for attachment, and the order of the court for the issuance of the attachment, was posted, yet in Connell vs. Medlock, 24 La. Ann. 512, where it appeared that a citation had been posted, and a copy of the petition served on the attorney, the court was held not to have obtained jurisdiction.

In that case the court said:

"The defendant asks for a reversal of the judgment on the ground that the writ of attachment was not posted as required by law. It seems that the citation was posted at the door of the courthouse, and the copy of the petition was served on the attorney ad hoc. The sheriff's return does not mention that he affixed a copy of the attachment to the door of the room in which the court is held. If the defendant is an absentee, in such case the sheriff shall 'serve the attachment and citation by affixing copies of the same on the door of the room where the court in which the suit is pending is held. C. P. 254. These formalities stand in the place of citation served on the defendant, and must be strictly complied with."

And in Pugh vs. Flannery, 151 La. 1063, 92 South. 699, where it appeared that the citation issued to the defendant was served upon the curator ad hoc, and the writ of attachment was served upon the garnishee, it was said:

"It is clear that a certified copy of the original writ of attachment in this case was not posted as required by Article 254 of the Code of Practice, and that the service of said writ on the garnishee was illegal, and of no effect. Nothing was therefore levied upon in his hands, no actual seizure of any debt due by him, if any, was accomplished and no jurisdiction was acquired."

The citation having been served upon the attorney appointed by the court cannot be considered as serving to validate the seizure or to give the court jurisdiction, as it appears that the appointment in such cases is made in order that issue may be joined (Article 260, C. P.), and that it is not essential that the attorney be served with process. Walker vs. Barrelli, 32 La. Ann. 470.

Article 239 of the Code of Practice declares an "attachment" to be a mandate obtained from a competent court, commanding the seizure of property, and the

construction which the court has placed upon the word "attachment" used in Article 254 of the Code of Practice follows this definition, and holds that it is necessary that the writ or mandate of attachment must be posted, and in view of these decisions we are of the opinion that the posting of the petition (which does not seem to be contemplated under Article 255, C. P.) and the order for the attachment was not sufficient, and no legal seizure was made of the property in the hands of the garnishee, and therefore the court did not obtain jurisdiction, and that the judgment rendered was null and void.

As to whether the cause should be remanded depends upon whether or not the order for the issuance of the writ of attachment is still in effect, and we are of the opinion that the question is determined in the negative by the opinion in Pugh vs. Barrelli, 151 La. 1069, 92 South. 699, in which the court said:

"Where the original citation and writ of attachment after service are returned to the clerk's office by the sheriff and duly filed, they cannot again be issued or served. Plaintiff's remedy is to apply to the court for an alias writ, which can only issue upon making a new oath, receiving a new order and making a new bond."

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and that there be judgment dismissing plaintiff's suit for want of jurisdiction, reserving all rights that plaintiff may have to bring suit on the claims set up in his petition.