**SEWERAGE & WATER BOARD OF NEW ORLEANS v. THE CUMULUS et al.**

No. 12414.

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1949.

George Piazza, of New Orleans, La., for appellant.

Selim B. Lemle and Alfred M. Farrell, Jr., both of New Orleans, La., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The appellant, a municipal corporation, as plaintiff below, brought suit in rem against the steamship Cumulus, in the District Court for the Parish of Orleans, La., to recover $15,000 for damages alleged to have been sustained through negligence on the part of the crew when the anchor of the ship became entangled in and severed the Water Board's power cable lines extending across the Mississippi River from Canal Street, in New Orleans, on the east side to Algiers on the west side. The case was removed to the federal court by the Netherlands Government, as owner of the ship, and that court sustained a motion to dismiss on the grounds: (1) that, if the proceedings were brought under article 3659 of the Louisiana Revised Statutes, the attachment which had issued should be dissolved because plaintiff had failed to post bond in compliance with the requirements of that act; (2) that, if the proceedings were prosecuted under Act No. 220 of the Louisiana Legislature of 1932, a motion to dissolve the attachment should be sustained because (a) that statute did not provide for an in rem proceeding, and (b) it did not provide for suit against an unknown defendant, as was the case here, (c) the plaintiff did not prove affirmatively that the defendant was a nonresident of the State, and (d) the action of the sheriff in seizing the ship under a writ directing him to seize and take into his possession the goods and chattels, lands and tenements, rights and moneys, effects and credits of the ship was entirely without legal justification; and (3) that the attempt to convert the action into an action in personam was wholly ineffective since the Netherlands Government was not before the court. From the judgment dismissing the suit, this appeal was prosecuted. The only question before us is the correctness of the ruling complained of.

In its petition filed in the State court, the plaintiff alleged that the steamship Cumulus was a seagoing vessel, owned by unknown nonresidents of Louisiana, and was at the time of filing moored in the Mississippi River within the limits of the City of New Orleans; that it had caused damage to plaintiff in the sum of $15,000; that its departure from the city was imminent; and that to protect the petitioner a writ of attachment was necessary. It prayed that a writ of attachment issue upon the plaintiff's furnishing bond with solvent surety in the amount fixed by law, commanding the sheriff of the Parish of Orleans to seize and attach the ship and to hold her subject to the further orders of the court; and for judgment against the ship, its owners, or its duly accredited agents in the sum of $15,000, with legal interest from judicial demand, with recognition of petitioner's lien and privilege resulting from the attachment. Upon presentation, by order of the State court the writ of attachment was issued, and the sheriff executed the writ by taking physical possession of the ship.[1] Appearing specially and with full reservation of all defenses, the Netherlands Government, represented by its Ministry of Traffic, as owner, was permitted to bond the attachment, subject to the reservation of all exceptions to the jurisdiction of the court and to the reservation of sovereign immunity. Before the ship sailed, depositions of the captain, the chief officer, and the second officer of the steamship were taken under agreement that the making of those depositions did not constitute a general appearance and was without prejudice to defenses and objections which were avail-

---

[1] The sheriff's return on the writ recited that he had posted a copy of the writ on the door of Division "E" of the Civil District Court for the Parish of Orleans; that he had levied thereunder by seizing the ship Cumulus; and that in connection with his seizure he had served three notices of seizure: one upon the captain of the Cumulus, one upon the superintendent of the Todd-Johnson Drydocks, where the ship was lying, and a third upon the Texas Trans- port & Terminal Co., through its proper officer. Three citations were issued: One was directed to the Cumulus itself, through its proper officer, and was served upon the captain. The second was directed to the Texas Transport & Terminal Co. and was served upon its assistant manager. The third was directed to the steamship and was served by posting a copy on the door of the courtroom of the court from which the order issued.

able to the Netherlands Government. Three days thereafter the plaintiff filed a supplemental and amended petition making the States Marine Corporation, as owner of the steamship Empire State, a party to the suit. In this petition, the plaintiff renewed all of the pertinent allegations of its original petition and prayed for judgment against the State Marine Corporation and the Steamship Cumulus and its owners, in solido.[2] After due notice, the States Marine Corporation and the Netherlands Government filed a joint petition for removal to the federal court, and the removal order thus secured was made subject to the Netherlands Government's reservations of jurisdictional defenses and particularly, but not exclusively, to its defense of sovereign immunity. When the suit was docketed in the federal court, defendants moved to dismiss, again with the reservation that the motion was made without entering a general appearance. Before the motion was heard, the plaintiff filed a second supplemental petition, praying for judgment against the ship Cumulus and the Netherlands Government, its owner, and for recognition and enforcement against the ship of its lien and privileges resulting from the attachment. After service of this petition,[3] a new motion to dismiss was filed. It set out as grounds therefor that the court lacked jurisdiction and that there was both insufficiency of process and insufficiency of service of process. After a hearing, the motion was sustained.

In this court, the appellee moves to dismiss the appeal on the ground that, because the plaintiff prosecuted its appeal without a supersedeas, the judgment of the court below dissolved the attachment, and consequently the bond furnished for the release of the ship terminated, and the principal and surety thereon were thereafter relieved of all further liability; therefore, appellee urges, the question before the court is moot. Appellant meets this motion by an application to this court for permission to file a supersedeas bond, asking that the court fix the amount.

■ The motion to dismiss and the application for permission to give a supersedeas bond were heard along with the merits. Under Federal Rules of Civil Procedure, rules 62(d) and 73(e), 28 U.S.C.A., relied on by appellant, this court clearly has the power to fix the amount of the supersedeas bond and to permit it to be filed at any time prior to final judgment, but we see no need to do either: for, in our opinion, the action of the court below in dissolving the attachment and dismissing the suit was clearly correct.

■ In its brief and in argument, appellant contends that its proceeding is in rem and pursuant to authority given by Act No. 220 of the Legislature of Louisiana for 1932. That act provides that "in all suits * * * in which the demand is for a money judgment and the defendant is a non-resident of this State * * * whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment against the defendant's property, whether the claim be for a sum certain or for an uncertain amount, and whether the claim be liquidated or unliquidated * * * provided that * * * the defendant has [not] a duly appointed agent of the State of Louisiana upon whom service of process may be made." It will be noted that the act provides for suit against a nonresident defendant by seizure under writ of attachment of the nonresident defendant's property. In such a suit, a writ of attachment operates only upon the property seized and stands in the place of citation. Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227; Pugh v. Flannery, 151 La. 1063, 92 So. 699. The writ is the foundation of jurisdiction which cannot be acquired except under the letter of the law allowing process. For the court to be vested with jurisdiction over the nonresident defendant in the absence of personal service, two

---

[2] Citation was issued to the steamship Cumulus and served on the attorneys who had appeared in behalf of the Netherlands Government to have the steamship released from the attachment on bond.

[3] Service of citation of this petition was made upon the attorneys who appeared for the Netherlands Government to bond the attachment.

conditions are requisite: Property of the nonresident must be situated within the territorial jurisdiction of the court, and the property must be validly seized under process issued by the court. Pugh v. Flannery, supra. While Act No. 220, of 1932 does not provide for a proceeding in rem in a strict sense, that is, a proceeding taken directly against property for the purpose of disposing of that property without reference to ownership, it provides for an action which is clearly in the nature of a proceeding in rem, for it operates only in connection with property seized. It is the type of in rem proceeding described in Cole v. Cunningham, 133 U.S. 107, 10 S. Ct. 269, 272, 33 L.Ed. 538:

"An attachment [against a nonresident] is in the nature of, but not, strictly speaking, a proceeding in rem, since that only is a proceeding in rem in which the process is to be served on the thing itself. If, in an attachment suit, 'the defendant appears, the cause becomes mainly a suit in personam, with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be established against defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding in rem, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff.' ".

Under Act No. 220 of 1932, the nonresident defendant on whom no service of process is had and who makes no appearance is not personally bound by the judgment beyond the property attached. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; but under the act a nonresident defendant is a prerequisite, and the proceeding by attachment is against that defendant's property. It is not a proceeding against the property independent of or without regard to its owner. Since plaintiff's original action was directed against the ship, the thing itself, the court below correctly held that the proceeding was not one such as is authorized by Act No. 220 of 1932. Nor may plaintiff's action be maintained under article 3659 of the Revised Statutes of Louisiana. While that article provides for a proceeding against a steamboat, barge, flatboat, water-craft, or raft, in those cases where property has been damaged by the carelessness, neglect, or want of skill in the management of the water-craft and for a privilege on the water-craft in favor of the injured party in the amount of the damage sustained, in order to proceed in rem by attachment of the water-craft under this act, the plaintiff must post bond in a sum exceeding by one-half the amount of the alleged damages. The bond actually given here was $250.00. The amount of damages alleged was $15,-000. If the attachment was prosecuted under this article of the Revised Statutes of Louisiana, it must fall for want of a sufficient bond. Under this act, the court acquired no jurisdiction, for the attachment was illegal.

As the court acquired no jurisdiction by the seizure of the ship under attachment under either of the two acts referred to, the attempt to vest jurisdiction in personam by serving supplemental and amended petitions upon the attorneys for the Netherlands Government, who specially appeared to bond the attachment and to remove the case from the State to the federal court, was without legal effect. Only where the defendant has been personally served or makes a general appearance may notice of subsequent proceedings in a suit be served upon his attorney of record. A defendant who appears through counsel, specially, to bond property attached and to remove the cause to the federal court is before the court for no other purpose. Neither under local law nor under the Federal Rules of Civil Procedure may he thereafter be brought into court through service on his special counsel. Service of citation, therefore, of the supplemental and amended petitions upon the attorneys for the Netherlands Government conferred no jurisdiction for a proceeding in personam, and the court below acted properly in sustaining this ground for dismissal.

The judgment appealed from is

Affirmed.