No. 1780.—JUAN GARCIA Y MORA *v.* JOHN C. KUZAC et als.

Under the act of March 29, 1865, the Fourth District Court of New Orleans was without jurisdiction to issue an injunction against the execution of a judgment of a justice of the peace, the Third District Court of New Orleans having exclusive jurisdiction over such cases by this act.

The institution of a suit in a court that has no jurisdiction is null, and the subsequent investiture of jurisdiction will not cure the nullity.

APPEAL from the Fourth District Court of New Orleans. · *Théard*, J. *Collens & Wooldridge*, for plaintiff and appellant. *C. E. Schmidt* and *John H. Rees*, for defendants and appellees.

TALIAFERRO, J.   For an alleged illegal and vexatious seizure and advertisement of sale of the plaintiff's stock of merchandise by the defendant, acting as constable of the Second Justice of the Peace of New Orleans, and under color of a *fieri facias* issued on a judgment rendered by said second justice in a suit entitled H. Blaize & Co. *v.* Canales, the plaintiff sued out a writ of injunction staying the proceedings complained of, and praying against the seizing creditors, Blaize & Co., judgment for one thousand dollars as damages. This injunction suit of the plaintiff was brought in the Fourth District Court, the petition being filed on the tenth of February, 1868. The defendants excepted to the jurisdiction of the court, and the exception was sustained, the injunction dissolved and the suit dismissed.

From this judgment the plaintiff appeals.

This suit was commenced prior to the adoption of the present Constitution, and by the law in force at that time the Third District Court of New Orleans had exclusive jurisdiction of cases of this kind. For by the act approved March 29, 1865 (Acts of 1864 and 1865, p. 84, sec. 10), it was provided that "in all cases where a party shall have cause to complain of any judgment by a justice of the peace, or act of any constable of a justice of the peace or his deputies, and shall think proper to apply to a higher court for relief, by writs of injunction, mandamus, sequestration, action of nullity, or otherwise, it shall be to this court only that he shall apply for relief."

But it is contended on the part of the appellant that since the trial of the case in the court below, that court or its successor, the present Fourth District Court, has become vested with jurisdiction of the case, and the Third District Court or its successor deprived of all jurisdiction except that of appeals from justices of the peace, and therefore it would be vain to dismiss this suit.

We do not concur in this view of the case. The institution of a suit in a court without jurisdiction is null, and the investiture of that court with jurisdiction at a subsequent period has no effect to cure that nullity. We think the suit was properly dismissed.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, the appellant paying costs in both courts.