No. 3597.

P. BRADLEY & CO. v. MRS. S. A. WOODRUFF and JOHN McCREA.

Plaintiffs agreed to furnish defendants with the means and supplies required to make a crop. Defendants agreed to ship their crop to the plaintiffs. Defendants made their crop and sent a portion of it to New Orleans, within the jurisdiction of the court *a qua*, to another person than the plaintiff. Said portion of the crop, on which plaintiffs claimed the furnishers' privilege for supplies, was sequestered by them.

The Seventh District Court erred in entertaining jurisdiction, because the domicile of the defendants was in the parish of St. Bernard. The conservatory order of sequestration was improperly granted, and, at the trial, should have been set aside and the suit dismissed.

The court, having no jurisdiction of the persons of the defendants, had no authority to determine either the amount or character of the demand set up against them by the plaintiffs; it could not decide that defendants were indebted to plaintiffs in any specific sum, and that there was the furnisher of supplies privilege on the cotton sequestered.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Budd & Grover*, for plaintiffs and appellees. *Bentinck Egan*, for defendants and appellants.

WYLY, J. The defendants, who were sued for $1772, balance of account for the years 1868 and 1869, set up by the plaintiffs as factors furnishing supplies, appeal from the judgment maintaining the seques-

tration of twelve bales of their cotton, and recognizing the plaintiffs' lien as furnisher of supplies for the sum of $1175 42. The defendants being residents of the parish of St. Bernard, the court maintained their exception of domicile and rejected the demand for a personal judgment against them.

As the Seventh District Court had no jurisdiction, because the domicile of the defendants was in the parish of St. Bernard, the conservatory order of sequestration was improperly granted, and at the trial it should have been set aside and the suit dismissed.

The court having no jurisdiction of the persons of the defendants, had no authority to determine either the amount or character of the demand set up against them by the plaintiffs; it could not decide that defendants were indebted to plaintiffs in any specific sum, and that there was the furnisher of supplies privilege on the cotton. Being without jurisdiction the court could make no order in the premises.

It is therefore ordered that the judgment appealed from be annulled, and it is now ordered that this suit be dismissed at the costs of appellees in both courts.

———

MORGAN, J., *dissenting*. Plaintiffs are commission merchants residing in this city.

Defendant is a planter living in the parish of St. Bernard.

Plaintiffs agreed to furnish defendant with the means and supplies required to make a crop. Defendant agreed to ship his crop to the plaintiffs.

The furnisher of supplies has a privilege on the crop to secure the payment of his advances.

Defendant made his crop and sent a portion of it to a person other than the plaintiffs. Plaintiffs, claiming an indebtedness for supplies, and finding the property upon which their privilege rests within the jurisdiction of the Seventh District Court of this city, sequestered it. They are dismissed because the defendant resides in the parish of St. Bernard, and can not be sued in the parish of Orleans. The doctrine announced by the court, as I understand it, is that a sequestration is a mere accessory to a principal demand, and as no judicial demand can be made upon a party except at his domicile, no court, except the court of the domicile of the defendant can issue the writ. I can not assent to this proposition. I have not been able to find the law upon which it rests, and I know of no authority to support it. I have been referred to the cases of Mallard *v.* Cooley, and Alter *v.* Pickett. The first case, not reported, expressly passes over the question, and the second, 24 An. p. 513, does not, in my opinion, touch it. Alter's case

was this: Alter obtained a judgment against H. C. Cummings in the Third District Court for the parish of Orleans. He then, after issuing *fieri facias*, filed a petition propounding interrogatories to Mrs. Pickett under the act of 1839. These interrogatories were served upon her personally in this city. Additional interrogatories were served upon her at her domicile in the parish of Bossier. They were taken for confessed, and judgment was rendered against her. This judgment was recorded in the parish of Bossier, and suit was afterwards instituted against the third possessor of property which was alleged to be subject to this judicial mortgage. The decision was that the judgment against Mrs. Pickett was an absolute nullity, because it was obtained against her in the parish of Orleans while her domicile was in the parish of Bossier.

Granted that this decision is correct, I do not see in what it resembles the one now under consideration. No question of privilege was before the court, nor was any property sought to be sequestered therein.

Debts due for necessary supplies furnished to any farm or plantation, not including articles furnished and which were sold to laborers, and debts due for money actually advanced and used for the purchase of necessary supplies, and the payment of necessary expenses for any farm or plantation on the crop of the year and the proceeds thereof, are privileged debts for which the crop stands responsible. C. C. 3217.

" The plaintiff may obtain a sequestration in all cases where he has a lien or privilege on property, upon complying with the requisites of the law." C. P. 275. It is the crop which in reality owes the debt for the advances and supplies which alone enabled it to be raised, and on that crop the privilege exists, and this privilege can, I think, be asserted wherever the crop or its proceeds, is found. And this in the very nature of things. A planter, for instance, lives in the parish of Claiborne. He agrees with a merchant in New Orleans that in consideration of the merchant's furnishing him with the supplies necessary to carry on his plantation he will send him his crop, the proceeds whereof are first to be applied to the payment of these advances. The merchant complies with his contract. The crop is made and gathered. It is sent to New Orleans, but not to the merchant who has a privilege upon it. He learns that it is here. Under the decision just pronounced, to obtain a sequestration, by which alone his rights can be established, he must send to the parish of Claiborne, obtain an order of sequestration from the court there upon property not within its jurisdiction, and cause the same to be executed here. Any one can see that, in such a case, when the writ arrives the crop may be in mid ocean. This, it seems to me, is only pointing out a road which those

who wish to act dishonestly may follow with perfect success. I am opposed to it.

I think the law means what it says, and that when one has a privilege accorded to him upon a certain property, he may exercise that privilege in whosesoever hands the property may be found, and wherever it may be found, regardless of the question of domicile.

I therefore dissent.