O’NIELL, Chief Justice.
 

 This is an action for damages for an alleged unlawful arrest and malicious prosecution of the plaintiff. He alleged in his petition that the defendant, the Great Atlantic & Pacific Tea Company, was organized under the laws of New Jersey, and doing business in Louisiana. The citation and a copy of the petition were served upon the secretary of state and also upon the general superintendent employed by the Great Atlantic
 
 &
 
 Pacific Tea Company, at its .principal business establishment in Louisiana. It appears, however, that the Great Atlantic & Pacific Tea Company, upon whose general superintendent and employee the citation and petition were served, was organized under the laws of Arizona and domiciled in Phoenix, Ariz. The corporation bearing the same name, but organized under the laws of New Jersey, and having its domicile in Jersey City, was not then doing business in Louisiana, and had not transacted any business in this state after the 21st of November, 1924; which was several years before the alleged cause of action in this case arose. The New Jersey corporation, therefore, filed an exception to the jurisdiction of the court. In preparation for the trial of the exception, the attorneys for the exceptor obtained the depositions of the assistant secretary of state, and he produced the records of his office showing the following facts: The Great Atlantic & Pacific Tea Company, organized under the laws of New Jersey and domiciled in Jersey City, was authorized to do business in Louisiana and conducted a chain of retail grocery stores in this state during a period ending on the 21st of November, 1924. On that date the. New Jersey corporation formally withdrew from business in Louisiana and turned over all of its business and property in Louisiana to the Arizona corporation having the same name and being a subsidiary of the New Jersey corporation. The secretary of state was so informed by a letter from a New York law firm, dated the 18th of November, 1924, sending to the secretary of state the
 
 *243
 
 formal withdrawal of the New Jersey corporation and the documents required by law to qualify the Arizona corporation to do business in Louisiana. More than a year thereafter, a declaration purporting to be that of “The Great Atlantic and Pacific Tea Company, of Jersey City, in the. State of New Jersey, doing business, or about to do business in the State of Louisiana,” etc., was filed in the office of the secretary of state, in Baton Rouge, appointing an agent in Louisiana, on whom all legal process might be served. The declaration was signed by the president and secretary of the corporation, and their signatures were acknowledged by them before a notary public in New York City. The declaration was accompanied by a resolution of the board of directors of the corporation, authorizing the appointment of. the agent in Louisiana; and the resolution, filed in the office of the secretary of state, in Baton Rouge, showed on its face that the directors’ meeting was held “at the office of the company, in Jersey City, state of New Jersey”; from which, of course, it appeared •that the corporation making the appointment of the agent was the New Jersey corporation, domiciled in Jersey City. But, strange to say, the corporate seal affixed to the copy of the resolution of the board of directors was that of the Arizona corporation.
 

 It appears that, a few days before this suit was filed, the attorneys for the plaintiff wrote a letter to the secretary of state, asking to be informed of the domicile of the Great Atlantic & Pacific Tea Company, and of the name of the agent on whom citation should be served; and that the secretary of state, looking only to the face of the declaration and resolution on file in his office, and overlooking the corporate seal affixed to the resolution, informed the attorneys for the plaintiff that the Great Atlantic & Pacific Tea Company was a New Jersey corporation, domiciled in Jersey City, and gave the name of the agent mentioned in the declaration and resolution which was on file in the office of the secretary of state. It was on that information that the attorneys for the plaintiff made the allegation in their petition that the defendant, corporation, was organized under the laws of New Jersey and domiciled in Jersey City. Therefore, when the depositions of the secretary of state, with the accompanying records of his office, were filed in the record in this suit, the attorneys for the plaintiff filed a supplemental petition, explaining why they had alleged in their original petition that the defendant corporation was a New Jersey corporation, domiciled in Jersey City; and, in their supplemental petition, they asked that the Arizona corporation, domiciled in Phoenix, should be made a party defendant, and be served with the original and supplemental petition. In their supplemental petition the attorneys repeated all of the allegations of their original petition, and prayed! for a judgment against both corporations in solido. A new citation, with a copy of the original petition and of the supplemental petition, was served upon the secretary of state, and upon the office manager of the Great Atlantic & Pacific Tea Company, at its principal place of business in this state.
 

 Thereupon, the Arizona corporation filed an exception to the jurisdiction of the court,
 
 *245
 
 and a motion to strike ont the plaintiff’s supplemental petition, on the ground that a new party defendant, and hence a new suit, could not be ingrafted upon a pending suit, particularly when the court did not have jurisdiction over the party originally made defendant in the suit, or over the suit itself. Both of the exceptions to the jurisdiction and the Arizona corporation’s motion to strike out the supplemental petition were tried together; and on the trial a witness for the exceptors testified that he was assistant secretary of both the New Jersey corporation and- the Arizona corporation; that they were separate corporations, each having its separate and independent corporate capacity; .but that the New Jersey corporation owned all of the capital stock of the Arizona corporation, and that a Maryland corporation, having the same name, owned all of the capital stock of the New Jersey corporation, and hence all of the stock of the Arizona corporation. The evidence showed that the only one of the corporations named the Great Atlantic & Pacific Tea Company that was doing business in Louisiana, or that was authorized to do business in Louisiana, when the plaintiff’s alleged cause of action arose, was the Arizona corporation. The judge overruled both of the exceptions to the jurisdiction of the court, and overruled also the Arizona corporation’s motion to strike out the plaintiff’s supplemental petition. But, on the petition of both of the exceptors, the judge granted a rehearing; and, on rehearing, he sustained the New Jersey corporation’s exception to the jurisdiction, but again overruled the Arizona corporation’s exception to the jurisdiction, and the motion to strike out the plaintiff’s supplemental petition.
 

 The case is before us on a writ of certiorari and a rule to show cause why a writ of prohibition should not be issued, at the instance of the Arizona corporation. There is no complaint of the judgment sustaining the New Jersey corporation’s exception, to the jurisdiction of the court, and dismissing the suit against that defendant. It is now conceded that the New Jersey corporation was not doing business in Louisiana, or authorized to do business in this state, when the cause of action alleged by the plaintiff arose.
 

 The Arizona corporation, as relator in this proceeding, contends: First, that, as the civil district court did not have jurisdiction over the original suit against the New Jersey corporation, everything done in the case— and particularly the allowing of the supplemental petition to be filed — after the New Jersey corporation had excepted to the jurisdiction of the court, was absolutely null; and, second, that a new defendant could not be substituted for the original defendant, thereby substituting a new suit for the original suit, particularly after the original defendant had excepted to the jurisdiction of the court, and more particularly because in fact the court did not have jurisdiction over the original defendant, or the original suit.
 

 In support of relator’s first proposition— that because the court did not have jurisdiction over the New Jersey corporation everything done by the judge after the New Jersey corporation had excepted to the jurisdiction of the court was null — the attor
 
 *247
 
 neys for the relator cite the following cases: Putnam v. President, etc., of Grand Gulf R.
 
 &
 
 Banking Co., 3 Rob. 232; Mora v. Kuzac, 21 La. Ann. 754; P. Bradley
 
 &
 
 Co. v. Woodruff & McCrea, 26 La. Ann. 299; Farmer v. Hafley, Administrator, 38 La. Ann. 232, and Pugh v. Flannery, 151 La. 1063, 92 So. 699. The attorneys cite also 15 C. J. p. 853, § 174; 7 R. C. L. p. 1042, § 75; and cases decided in other jurisdictions. But these citations, as we interpret them, are authority for the proposition merely that, where a court has not jurisdiction over the only defendant or defendants in the suit, every order rendered or action taken subsequent to the filing of the exception to the jurisdiction is null. In the present case the ruling was founded upon the judge’s finding that he did have jurisdiction over one of the defendants, the Arizona corporation; hence, if that corporation was properly made a party defendant after the other corporation had excepted to the jurisdiction of the court, but before issue was joined, the authorities cited are not appropriate. Putnam v. President, etc., of Grand Gulf R. & Banking Co., 3 Rob. 232, was a proceeding by attachment of the property of nonresident-defendants, and the sheriff failed to serve the citation and writ of attachment on the defendants, in the form prescribed by law. When a preliminary default was entered against the defendants, the judge appointed, an attorney at law to represent them; and the attorney moved to dissolve the attachment on the ground that the proceedings were null for want of citation. The judge sustained the motion; and this court affirmed the ruling, saying that the formalities prescribed for levying an attachment upon the property of a nonresident defendant stood in the place of a citation, and formed the basis for all subsequent proceedings in the case. The plaintiff attempted to make service of the attachment after it was dissolved, but the' court held, of course, that a subsequent service could not reinstate the attachment. In Mora v. Kuzac, 21 La. Ann. 754, a court that had not jurisdiction, ratione materise, issued a writ of injunction, and was afterwards invested with jurisdiction by a provision in a new Constitution; and it was held that the investiture of jurisdiction did not render valid the proceedings previously had. In P. Bradley & Co. v. Woodruff & McCrea, 26 La. Ann; 299, both of the defendants resided outside of the territorial jurisdiction of the court, and all that was decided in the ease was that the court could not acquire jurisdiction over the defendants by a sequestration of their - cotton within the territorial jurisdiction, of the court. In Farmer v. Hafley, Administrator, 38 La. Ann. 232, the defendant was absent from the state, and a citation was served upon an alleged agent, who, in fact, was not the agent of the defendant He excepted to the citation, and the judge referred the exception to the merits and afterwards rendered judgment against’him by default, in the absence of his attorney. On appeal this, court condemned the referring of the exception to the merits, and reversed the judgment for want of citation. Pugh v. Flannery, 151 La. 1063, 92 So. 699, was an attachment suit against a nonresident. The court failed to acquire jurisdiction over the defendant because of a failure of the sheriff- to serve the citation and writ of attachment by the method prescribed by law; and the rul
 
 *249
 
 ing was the same as in Putnam v. President, etc., of Grand Gulf R. & Banking Co.
 

 The only question, therefore, is whether the judge was right in his ruling that the plaintiff could make the Arizona corporation a party defendant, by supplemental petition, after the New Jersey corporation (over which the court did not have jurisdiction) had excepted to the jurisdiction of the court. On that point the attorneys for the Arizona corporation cite Curacel v. Coulon, 2 Mart. (O. S.) 143; Duncan v. Helm, 21 La. Ann. 304; State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; and Tremont Lumber Co. v. May, Assessor, 143 La. 389, 78 So. 650, 652. In Curacel v. Coulon, the attorney for the plaintiff moved to amend his petition by striking •out the name of Curacel and substituting the name of Ganeson. It appears that the motion was made originally in the Supreme Court, because the ruling, by Justice Martin, who was alone in passing upon the motion, was simply this: “Motion denied.” In so ruling, Justice Martin said: “It is true, parties are often
 
 added
 
 by leave of the court — but this is very different from substituting a new plaintiff in the room of the original one.” (The italics are ours.) In Duncan v. Helm, the supplemental or amended petition, proposing to substitute a new plaintiff, was tendered after the defendant had filed an answer and reconventional demand, and, of course, it was held that the supplemental or amended petition came too late, besides contradicting the original petition. In State v. Hackley, Hume & Joyce, the motion to amend the petition ' was made, originally, in the Supreme Court, with a motion to have the case remanded for that purpose; and the motion was denied because the suit had been dismissed on an exception of no cause of action, and this court affirmed the judgment of dismissal, without prejudice to the right of the state to renew the suit on proper allegations. Tremont Lumber Co. v. May, Assessor, was a suit to reduce an assessment of the plaintiff’s timber lands for taxes. Such a suit (under section 26 of Act No. 170 of 1898) had to be instituted on or before the first day of November of the year in which the assessment was made. The assessor filed an exception of no cause of action, because the plaintiff had failed to describe the lands in his petition, or to annex the assessment sheets which were said to be annexed to the petition. The exception was overruled and the plaintiff was allowed to amend his petition by describing the lands. The amended petition was filed -after the first day of November. This court held that the original petition did not disclose a cause of action because of the failure to describe the lands, and that the supplemental petition came too late, because of section 26 of Act No. 170 of 1898. On rehearing, however, the judgment was reversed. Hence, the expression in the original opinion rendered in the case by this court — that a petition which did not show a cause of action was no petition at all and could not be amended — became unimportant. One important expression in the opinion, however, was: “Where a cause of action is stated for the first time in a supplemental or amended petition, the filing of the supplemental petition must be considered to be the beginning of the suit.” In the present case, it appears that the citation, with a copy of the original and supplemental petition, was served on the Arizona corporation seven days less than a year
 
 *251
 
 after the date of the alleged unlawful arrest of the plaintiff. We express no opinion as to whether the action against the Arizona corporation is harred by prescription, because no such plea has been filed; but, if such a plea should be filed, the question of prescription would be determined by the date of filing or serving the supplemental petition — not the original petition.
 

 Our opinion is that the judge was right in allowing the supplemental petition to be filed in this case, because it was filed before issue was joined. Article 419 of the Code of Practice declares that, after issue has been joined, the plaintiff may amend his petition, with leave of court, provided he does not make the substance of his demand different from the one originally brought. That has been construed to mean that there is no such restriction on the right of a plaintiff to amend his petition
 
 before issue is joined.
 
 Brewster v. Saul, 8 La. 296; Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 So. 324, 325; Tarver v. Quinn, 149 La. 368, 89 So. 216, 220; Commercial National Bank v. Smith, 150 La. 234, 90 So. 581, 583; Kunnes v. Kogos, 168 La. 682, 123 So. 122, 123, 65 A. L. R. 706.
 

 Article 357 of the Code of Practice declares that a suit is at issue when the defendant has filed an answer or such an exception as may be filed only in limine litis. Article 358 declares that there is no issue joined by the defendant’s filing a declinatory exception, without an answer to the mérits. And article 334 defines a declinatory exception as one by which the exceptor merely declines to submit to the jurisdiction of the judge before whom the suit is brought.
 

 In Lehman Dry Goods Co. v. Lemoine, it was said: “Until the defendant has appeared, there is nothing to prevent the filing of as many supplemental petitions as the plaintiff may wish to file.”
 

 In Tarver v. Quinn, the court quoted article 419 of the Code of Practice, and said:
 

 “Nowhere in the Code is leave of court required for an amendment before issue joined. * * *
 

 “And why require leave of court for doing a thing which the plaintiff may do without leave by simply abandoning the petition already filed and filing another? Until defendant has joined issue, why should not the plaintiff be allowed to file as many supplemental petitions as may be useful in the premises; * * * and it will be noted also that even after issue joined a party is entitled as of right to make all amendments which do not change the issue or alter the substance of the demand.”-
 

 In Commercial National Bank v. Smith, it was said: v
 

 “The question of the right to amend a petition prior to the appearance of a defendant, by way either of exception or answer, appears to be left entirely at large, and, since the law is silent upon the subject, we know of no reason why a plaintiff should not be allowed to amend in any respect that the judge finds that the interests of justice may require, whether it be to supply a cause of action where none has been alleged in the original petition, or otherwise. The law intervenes only after issue is joined and declares that thenceforward an amendment may be made, ‘with leave of the court,’ provided ‘it does not
 
 *253
 
 alter the substance of the demand by making it different from the one originally brought.’ And the Code of Practice [article 357] further declares:
 

 “ ‘Art. 357. The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code.’ ”
 

 In Kunnes v. Kogos, the petition, filed in the First city court, which had jurisdiction over the suit, was addressed to the judges of the civil district court, which did not have jurisdiction. The defendant excepted to the petition on the ground that it was not addressed to the court having jurisdiction. The judge of the city court overruled the exception and gave judgment for the plaintiff. On appeal the Court of Appeal reversed the judgment on the exception to the petition, and dismissed, the suit. The Court of Appeal based its decision on Watson v. Pierce, 6 Mart. (N. S.) 417, and Wadsworth v. Harris, 1 Rob. 96. This court issued a writ of review, reversed the judgment of the Court of Appeal, and reinstated the judgment of the city court. In so deciding, this court said that if a judgment had been rendered by the city court on the original petition it would have been “an absolute nullity, such a nullity as could be pleaded at any time and anywhere and by any person against whom such judgment was sought to be opposed.” But the court said:
 

 “Neither of the cases cited furnish any sound or adequate reason in law for denying the plaintiff the right to correct the mistake in addressing the petition to the wrong court, a c.ourt which did not have jurisdiction of the person as shown by the allegations of the petition.
 

 “The ruling, moreover, was not only not sound, but it was vain and useless, since the plaintiff could have immediately filed a new suit and in one of the cases could have obtained another injunction.
 

 “The two cases stand alone in the jurisprudence of this state, and while they have not been expressly overruled, they have not been followed.
 

 “The later jurisprudence has gotten away from the rule of extreme technical construction which prevailed at the time said decisions were rendered, and has established the doctrine that amendments to pleadings will always be allowed whether before or after issue joined, in the promotion of justice and where they cause no injury.”
 

 The Arizona corporation would have no cause to complain if that corporation had been made a party defendant in the plaintiff’s original petition, instead of being brought in by way of the supplemental petition. It is well settled that, when a supplemental petition, or an amendment of a petition, has been properly allowed, it forms a part of the original petition, the same as if there had been no need for the amendment, and (except with regard to questions of prescription) the plaintiff’s rights are the same then as if the subject-matter of the amendment had been embodied in the original petition. It was so held in Lanusse v. Massicot et al., 3 Mart. (O. S.) 40; Knight v. Knight, 12 La. Ann. 60; Widow and Heirs of George King v. Wartelle, 14 La. Ann. 740; and Succession of Justus,
 
 *255
 
 47 La. Ann. 303, 16 So. 841. The rule was stated in Widow arid Heirs of George King v. Wartelle, and repeated in Succession of Justus, thus:
 

 “Amendments, when allowed, form part of the pleadings, ■ and plaintiff’s demand is precisely what it would have been, had the original and amended petition been filed at the same time” etc. Citing Hennen’s Digest, 1182, No. 2; Lanusse v. Massicot, 3 Mart. (O. S.) 41; King’s Heirs v. Wartelle, 14 La. Ann. 740.
 

 Our conclusion is that the ruling complained of in this proceeding is correct.
 

 The relief prayed for by the relator is denied, and this proceeding for writs of certiorari and prohibition is dismissed, at relator’s cost.