**10 So.2d 593**

**JACKSON et al. v. GULF REFINING CO. et al.**

No. 36484.

July 20, 1942.

Rehearing Denied Nov. 4, 1942.

W. B. Massey, of Shreveport, for plaintiffs-appellants.

J. S. Atkinson, Alex F. Smith, and Wilkinson, Lewis & Wilkinson, all of Shreveport, for defendants and appellees Union Producing Co., Gulf Refining Co. and First Nat. Bank of Shreveport.

Byron D. Bullock and Clare C. Clark, both of Shreveport, for other defendants and appellees.

O'NIELL, Chief Justice.

This case is a sequel of the case of Jackson et al. v. United Gas Public Service Company et al., 196 La. 1, 198 So. 633. In that case the plaintiffs, who were the heirs of Gus Gibson, sued N. S. and W. R. Spearman for a fourth interest in a tract of land having an area of 169½ acres, claimed and possessed by the Spearmans, in the Parish of Caddo. The plaintiffs claimed, alternatively, that, if they were not entitled to a fourth interest in the land, they were entitled to a twentieth interest in it. The Union Producing Company held a lease on the land, as successor to the original lessee, United Gas Public Service Company, to whom the Spearmans had granted the lease. The North Central Texas Oil Company held a deed from the Spearmans for $\frac{1}{32}$ interest in the mineral rights, and the Southland Royalty Company held a deed for $\frac{20}{339}$ interest in the mineral rights in the land. The mineral rights of both parties were subject to the lease which was granted by the Spearmans to the United Gas Public Service Company and afterwards transferred to the Union Producing Company. A corporation called Wright Brothers Company held a deed from the Spearmans for a part of the timber on the land.

The plaintiffs' ancestor, Gus Gibson, was recognized as owner of a fourth interest in the land, in the Succession of Tyson, 186 La. 516, 172 So. 772. After the suit of Jackson et al. v. United Gas Public Service Co. et al. was disposed of, one of the heirs of Gus Gibson, who was also one of the plaintiffs in the suit, died and his interest was inherited by the remaining heirs of Gus Gibson, who are the plaintiffs in the present suit. The plaintiffs in this suit therefore are, virtually, the same parties who were the plaintiffs in the suit of Jackson et al. v. United Gas Public Service Co. et al. In that case the plaintiffs

sued all of the parties having an interest in the land, namely, N. S. and W. R. Spearman, who possessed the land as owners, and the United Gas Public Service Company and the Union Producing Company, lessees, and the Southland Royalty Company and the North Central Texas Oil Company, part owners of the mineral rights, and Wright Brothers Company, owners of part of the timber on the land. The plaintiffs had made a sale of their interest in the 169½ acres of land to the Spearmans, calling their interest a fifth interest, when in fact it was a fourth interest. They claimed in their first suit that the sale was null for certain reasons, set forth in their petition, and, in the alternative, they claimed that if the sale was valid it conveyed only a fifth interest in the land and therefore left them the difference between a fourth and a fifth interest, or ½₀ interest in the land. They prayed for a judgment recognizing them to be the owners of a fourth interest in the land, or, in the alternative, recognizing them to be the owners of a twentieth interest in the land. They prayed also that the United Gas Public Service Company and the Union Producing Company should be ordered to render an accounting of the oil and gas which they had taken from the land, as lessees, and that they should be ordered to pay to the plaintiffs a fourth,—or, alternatively, a twentieth,—of the net value of the oil and gas taken from the land. The judge of the district court gave judgment rejecting the plaintiffs' principal demand, for a fourth interest, but granting their alternative demand for a twentieth interest, in the land. The judgment was declared to be against all of the defendants, naming them. In the judgment, the United Gas Public Service Company and the Union Producing Company were ordered to render an accounting of the oil and gas which they had produced from the land as lessees, and were ordered to pay to the plaintiffs ½₀ of the net value of the oil and gas which they had produced, less ½₀ of the cost of production. The plaintiffs, complaining of being recognized as owners of only a twentieth instead of a fourth interest in the property, appealed to this court. All of the defendants, except the North Central Texas Oil Company and the Southland Royalty Company, and Wright Brothers Company, also appealed. On the original hearing in this court the judgment of the district court was affirmed, but, on rehearing, a plea of estoppel which the defendants had filed in the district court was sustained, and the plaintiffs' suit was dismissed. The plea of estoppel was founded upon the fact that, in the sale made by the plaintiffs to the Spearmans, although the interest which the plaintiffs sold was declared to be a fifth interest, it was at the same time represented to be all of the interest which the plaintiffs owned; hence this court held that the sale by the plaintiffs to the Spearmans conveyed all of the plaintiffs' fourth interest in the property.

Before the plaintiffs filed their first suit, entitled Jackson et al. v. United Gas Public Service Company et al., they transferred to their attorney, for his fee, a half

interest in their claim. Hence he was one of the plaintiffs in that suit and is one of the plaintiffs also in this suit.

The plaintiffs are claiming in this suit $\frac{1}{20}$ of the value of the oil and gas produced from the land by the United Gas Public Service Company and the Union Producing Company as lessees. The plaintiffs aver that $\frac{1}{20}$ of the net value of the oil and gas produced amounts to $60,000, and that the United Gas Public Service Company and the Union Producing Company, as lessees, and the Gulf Refining Company, having received a part of the oil from the lessees, and the North Central Texas Oil Company and the Southland Royalty Company as owners of part of the mineral rights, are indebted in solido unto the plaintiffs for the $60,000, or for whatever sum may be shown to be the net value of $\frac{1}{20}$ of the oil and gas produced from the land. The plaintiffs prayed for a judgment against the defendants, accordingly. They prayed also for an injunction to restrain the Union Producing Company from operating the oil wells on the land, or from removing the derricks or other drilling equipment, without first obtaining permission from the plaintiffs, so far as $\frac{1}{20}$ interest in the oil, gas and other minerals and the mineral rights are concerned. Each of the defendants filed a plea of res judicata and an exception of no cause or right of action. The judge of the district court gave judgment for the defendants, maintaining their pleas of res judicata and their exceptions of no cause or right of action, and rejecting the demands of the plaintiffs at their cost. They are appealing from the decision.

The theory on which the plaintiffs now claim $\frac{1}{20}$, or 5 per cent, of the minerals or mineral rights in the $169\frac{1}{2}$ acres of land is that the North Central Texas Oil Company and the Southland Royalty Company owned together more than $\frac{1}{20}$ of the minerals or mineral rights in the land, and therefore these defendants, by failing to appeal from the judgment of the district court declaring the plaintiffs to be the owners of $\frac{1}{20}$ of the land without any exception of the minerals or mineral rights in the land, lost a sufficient part of their mineral rights to constitute $\frac{1}{20}$ of all of the mineral rights in the land,—and the plaintiffs thereby acquired the $\frac{1}{20}$ of the mineral rights in the land,—notwithstanding the judgment was reversed by this court so far as the other defendants were concerned. There would be some logic in this argument if the judgment which the district court rendered, and which the North Central Texas Oil Company and the Southland Royalty Company did not appeal from, had awarded to the plaintiffs a part of the mineral rights which the North Central Texas Oil Company and the Southland Royalty Company had acquired from the Spearmans. But the judgment did not award—or purport to award—to the plaintiffs $\frac{1}{20}$—or any part whatsoever—of the $\frac{1}{32}$ interest claimed by the North Central Texas Oil Company or of the $\frac{20}{339}$ interest claimed by the Southland Royalty Company, of the minerals or mineral rights in the $169\frac{1}{2}$ acres of land. The judgment declared the plaintiffs to be the owners of $\frac{1}{20}$ interest in the $169\frac{1}{2}$ acres of land, without any exception or reservation of any minerals

or mineral rights in the land. If the Spearmans, who are the owners of the land, had not appealed from the judgment, or if on appeal the judgment had been affirmed, the plaintiffs would own now the 1/20 interest in the 169½ acres of land and, of course, would own the same proportion of the minerals or mineral rights in the land; and,—as the plaintiffs contend,—the land would have been freed from the lease which had been granted by the Spearmans to the United Gas Public Service Company and assigned by the latter to the Union Producing Company. But the judgment against the Spearmans declaring the plaintiffs to be the owners of 1/20 interest in the land and in the minerals or mineral rights therein, did not affect the 1/32 interest owned by the North Central Texas Company or the 20/339 interest owned by the Southland Royalty Company in the minerals or mineral rights in the land. These mineral rights, amounting to 9 per cent of all of the minerals or mineral rights in the land, were acquired by the North Central Texas Oil Company and the Southland Royalty Company, respectively, by warranty deeds from N. S. and W. R. Spearman. After selling the 1/32 and the 20/339—amounting to 9 per cent—of their mineral rights, the Spearmans retained, of course, 91 per cent of the mineral rights in the land. Hence the judgment against the Spearmans, declaring the plaintiffs to be the owners of the 1/20 interest in the land and mineral rights, could not have affected the North Central Texas Oil Company's or the Southland Royalty Company's interest in the mineral rights in the land. The North Central Texas Oil Com-

pany and the Southland Royalty Company were not obliged to appeal from the judgment declaring the plaintiffs to be the owners of 1/20 interest in the land and in the minerals or mineral rights therein, because the judgment was not for a large enough interest in the property to affect their 9 per cent interest in the mineral rights. The interest of the Spearmans, who would have been obliged to satisfy the judgment if it had been affirmed on appeal, was 91 per cent of the land and of the minerals or mineral rights,—which interest in the mineral rights was far more than enough to satisfy the judgment, without any encroachment upon the interest of the North Central Texas Oil Company or of the Southland Royalty Company. These companies were as unconcerned therefore as if they and the two Spearmans each had claimed an undivided fourth interest in the property and each of the Spearmans had been sued for a fourth interest in it.

It might be argued that, if the judgment which the district court rendered against the Spearmans for the 1/20, or 5 per cent of the land, including the mineral rights, had been affirmed on appeal, the lease which was held by the Union Producing Company would have remained in effect and therefore the Spearmans would have had only 91 per cent of the 1/8 royalty, with which to satisfy the judgment. We mean that the Spearmans would have had left only that part of the 1/8 royalty which had not been sold to the North Central Texas Oil Company and the Southland Royalty Company. The fact is—and the plaintiffs concede—that the lease would have been

dissolved by effect of the judgment declaring the plaintiffs to be the owners of 1/20 of the land and its mineral rights, if the judgment had been affirmed on appeal. But, if the lease had not been dissolved by effect of the affirming of the judgment on appeal, the plaintiffs' interest would be only 1/20, or 5 per cent, of the 1/8 royalty, and the Spearmans' remaining 91 per cent of the 1/8 royalty would have been sufficient to satisfy the judgment without impinging upon the 9 per cent belonging to the North Central Texas Oil Company and the Southland Royalty Company together.

The important fact in this case, however, is that the judgment rendered by the district court, awarding the plaintiffs a 1/20 interest in the land and in its mineral rights, was not a separate or independent judgment against the North Central Texas Oil Company or the Southland Royalty Company, but was a judgment against them only in the sense that if the Spearmans had not had a sufficient interest in the mineral rights in the land to satisfy the judgment for 1/20 of these mineral rights, the judgment of the district court would have deprived the North Central Texas Oil Company and the Southland Royalty Company of so much of their mineral rights as would have been necessary to make up the 1/20 interest which was awarded to the plaintiffs. But, even if the Spearmans had not retained a sufficient interest in the minerals or mineral rights in the land to satisfy the judgment rendered by the district court, awarding the plaintiffs 1/20 of the mineral rights, the North Central Texas Oil Company and the Southland Royal-

ty Company would not have been obliged to appeal from the judgment in order to have the benefit of the annulment of the judgment on the appeal by the Spearmans. In that respect, the North Central Texas Oil Company and the Southland Royalty Company were in the situation of an owner of a servitude, or like a holder of a mortgage, on the land. The owner of a servitude or of a mortgage on a tract of land is not a necessary party to a petitory action brought against the owner of the land, and is not obliged to appeal from a judgment against the owner of the land, in order to protect his, the servitude owner's or mortgage owner's, right to have the benefit of a reversal of the judgment on an appeal by the owner of the land.

As the plaintiffs have no cause or right of action against the North Central Texas Oil Company or against the Southland Royalty Company, the plaintiffs of course have no cause or right of action against the Union Producing Company or the United Gas Public Service Company as lessees from the Spearmans. Nor have the plaintiffs a cause or right of action against the Gulf Refining Company for the oil or gas received from either of the lessees, because their lease from the Spearmans was held valid by the reversal of the judgment of the district court in the case of Jackson et al. v. United Gas Public Service Co. et al. The Spearmans and the United Gas Public Service Company and the Union Producing Company surely have the right to stand upon the judgment rendered by this court on rehearing in the case of Jackson et al. v. United Gas Pub-

lic Service Co. et al., because these parties appealed from the judgment of the district court and obtained a reversal of the judgment.

The judgment appealed from is affirmed.