SUMMERS, Justice
(dissenting).
-[Judgment has been rendered dismissing plajntiffís rule for an accounting from three, overriding . royalty owners, Riddle, G.eddie. and Hedley. In my view the Court should... have compelled the accounting. Judgment-.had,been rendered in a predecessor, ,suit' (197, ,So.2d 71-5) decreeing a cancellation .of,.the leases to which these overriding royalties’ were an appendage. By--that suit Riddle, Geddie and Hedley as ‘overriding, royalty owners were ordered to make an accounting to the landowner lessor,--.plaintiff here. Riddle, Geddie and IJedley clid not appeal. However, their co-defendant, the-lessee of the leases to which thei.r overriding royalties applied, did appeal; and the, trial court judgment was reversed, reinstating the leases in part. (240 So.2d 924).
’ The' question, as the majority states it, is whether 'the overriding royalty owners had to appeal .from the district- court judgment decreeing cancellation of the affected leases in order to be entitled to the benefit of the Court of Appeal judgment which reinstated these leases on appeal by the lessees.
Principally the majority bases its decision on the case of Jackson v. Gulf Refining Co., 201 La. 721, 10 So.2d 593 (1942), in which this Court held that the owner of a servitude on a tract of land is not a necessary party to a petitory action brought against the owner of the land; therefore, he is not obliged to appeal from a judgment invalidating the landowner’s title in order to protect his — the servitude owner’s — right to have the benefit of an appeal by the landowner, which results in a reversal reinstating the landowner’s title.
The distinction between the Jackson Case and the case at bar is evident: the Jackson decision was predicated upon the premise that the servitude owners were not necessary parties to the petitory action involving title to the land and, therefore, the servitude owner need not appeal to benefit by a reversal if the title to the land owing the servitude was maintained on appeal. The Jackson Case, decided in 1942, cannot stand as authority in the case at bar. That principle no longer obtains since enactment of the Code of Civil Procedure which became effective on January 1, 1961.
*661 At this time, Article 642 of the Code of Civil Procedure defines necessary parties in these terms:
Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction.
According to the Preliminary Statement to Chapter 1, Title III of the Code of Civil Procedure, necessary parties are those whose interests in the subject matter of the action are separable, and whose absence would not prevent proper relief to the parties joined; but who should be joined, if feasible, to avoid a multiplicity of action and permit a complete adjudication of the controversy.
This statement of the rule, in my ppinion, fits the facts of this case. Here the overriding royalty owners Riddle, Geddie and Hedley were joined as defendants in the trial court, claims were asserted against them and their rights were adjudicated; in fact, they were ordered to make an accounting to the plaintiffs in that suit which they failed to do, and the present suit seeks to enforce that accounting. In my opinion Riddle, Geddie and Hedley were at least necessary parties,[1] and their failure to appeal makes the issues adjudicated in the suit to which they were parties final insofar as they are concerned. Any contrary position is inconsistent with Article 644 of the Code of Civil Procedure which declares that a necessary party who refuses or fails to join in and assert his rights in an action which he should join may be joined as a defendant and required to assert his rights or be precluded thereafter from asserting them.
In any event, once properly joined the parties should not now be able to say that they were not bound by the judgment.
*663 To refuse to give final effect to the adjudication against the overriding royalty owners in this case would make the right to join necessary parties an empty gesture. This failure would, moreover, impair the force, effect and finality of judgments otherwise properly rendered according to law. La.Code Civ.P. Title VI, Judgments; La.Code Civ.P. arts. 2087 & 2123. For a judgment is the determination of the rights of the parties in an action. La. Code of Civ.P. art. 1841. Unless modified or reversed in a manner prescribed by law, such a judgment has the force and effect of a thing adjudged.
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. (La.Civil Code art. 3SS6 subd. 31).
The result reached in the case at bar gives no effect to a proper judgment, never modified or appealed from. Thus, the Court’s position is contrary to the fundamental, and elementary, rule that in order to avoid having the same question become the subject matter of litigation indefinitely renewed, that which has been once decided cannot again be brought before the court. Planiol, Traite Elementaire De Droit Civil, Part I, L.S.L.I. English translation, p. 241, No. 361.
No modification or reversal of the rights of the overriding royalty owners has or could take place here for no appeal has been taken from the judgment adjudicating those rights. La.Code Civ.P. art. 2133; Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968).
Since the overriding royalty owners did not appeal, I cannot agree that the decree of this Court can alter the rights adjudicated in the trial court and reinstate the overriding royalty rights in favor of Riddle, Geddie and Hedley, who, not having appealed, are not properly before this Court. Bradley v. Woodruff, 26 La.Ann. 299 (1894). All parties to the record who are interested in maintaining the judgment or reversing it must be made parties to the appeal from it. Modisette v. Hathaway, 147 La. 1035, 86 So. 485 (1920).
The judgment of the Court of Appeal should be affirmed. I respectfully dissent.
SUMMERS, J., is of the opinion that a rehearing should be granted.

. Although I am not prepared to express an opinion on the subject at this time, the overriding royalty owners may well be considered indispensable parties who are defined as:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of the action can be made unless all indispensable parties áre joined therein. (La.Code Civ.P. art. 641)
Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65 (1952). As the case at bar demonstrates, the loss of the overriding royalties by the cancellation of the lease would seem to make Riddle, Geddie and Hedley indispensable parties.