462 So.2d 264 (1984)
Cornell KELLER
v.
Damon B. TOWNSLEY, et al.
No. 83 CA 1414.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Douglas C. Ellis, Baton Rouge, for plaintiff-appellee.
Charles A. Schutte, Jr., Baton Rouge, for intervenor-appellee.
Raymond G. Jones and Philip D. Lorio, III, New Orleans, for defendant-appellant.
R. Ryland Percy, Gonzales, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
The central issue of this appeal is whether a reconventional demand filed within ninety days of a supplemental and amending petition is timely under LSA C.C.P. art. 1067. The trial court reached the conclusion that the demand was not timely and maintained defendants in reconvention peremptory exceptions of prescription.
Plaintiff, Cornell Keller, and defendant, Damon B. Townsley, were involved in a traffic accident on May 7, 1981. At the time of the accident, plaintiff Keller was driving a truck leased to his employer, Quality Bearing and Machine Works, by the owner of the truck, Lousteau Ford. State Farm Mutual Automobile Insurance *265 Company insured the vehicle being driven by Mr. Keller. Defendant Townsley was operating a vehicle owned by his employer, Corr Tech, Inc., and insured by Continental Casualty Company.
Suit was filed on behalf of plaintiff on May 6, 1982, naming as defendants Townsley, Corr Tech and CNA Insurance Company. Defendants answered the suit, noting the erroneous designation of Continental as CNA Insurance Company. On July 28, 1982, Sentry Insurance A Mutual Company, the workmen's compensation carrier for Quality Bearing and Machine Works (plaintiff's employer) filed a petition of intervention.
On February 10, 1983, plaintiff filed a supplemental and amending petition correcting the erroneous designation of Continental as CNA, alleging that plaintiff had developed permanent brain damage and psychological problems since the accident and increasing his prayer for damages by the amount of $500,000.00. Defendants Townsley, Corr Tech and Continental answered the supplemental and amending petition and reconvened against plaintiff, Lousteau Ford and Sentry Insurance for damages caused by the accident. Defendants (plaintiffs in reconvention) next filed an amending answer to the supplemental and amending petition of plaintiff (defendant in reconvention) and an amended reconventional demand. In this amended reconventional demand, Quality Bearing and Machine Works, State Farm and ABC Insurance were added as defendants in reconvention. Defendants' (plaintiffs in reconvention) original and amending reconventional demands were both filed within ninety days of plaintiff's (defendants in reconvention) supplemental and amending petition.
Before reaching the merits of this appeal, there is a problem presented which apparently the parties are not aware of and which must be dealt with. There were three separate exceptions of prescription filed by the defendants in reconvention and three corresponding judgments rendered on these exceptions. The first judgment was in favor of Keller and was signed on August 11, 1983. The second judgment was in favor of Quality Bearing and Machine Works and State Farm and was signed on August 12, 1983. The final judgment was in favor of Lousteau Ford and was signed on November 15, 1983. The petition and order for appeal filed by plaintiffs in reconvention only refers to the judgment rendered on August 11, 1983. The delays for a devolutive appeal from the August 12, 1983, and the November 15, 1983, judgments having run, these judgments are now final and not before us on this appeal. Therefore, the only judgment before us on this appeal is the August 11, 1983, judgment rendered in favor of plaintiff (defendant in reconvention) Cornell Keller.
LSA C.C.P. art. 1067 provides,
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
We agree with defendants' (plaintiffs in reconvention) argument that "main demand", as that term is used in article 1067, encompasses more than just the original petition. LSA C.C.P. art. 1153 provides that amendments to petitions and answers which arise out of the conduct set forth in the original pleading relate back to the date of the filing of the original pleading. It has long been recognized that properly allowed supplemental and/or amending petitions form a part of plaintiff's demand. Self v. Great Atlantic & Pacific Tea Company, 178 La. 240, 151 So. 193 (1933).
In addition, we find no merit in Keller's argument that policy considerations should dictate against defendants (plaintiffs in reconvention) because additional discovery will have to be conducted to develop defenses to the demands made and the pretrial order will have to be amended. It appears to this court that by amending and supplementing his demand to allege additional *266 injuries and damage, Keller has placed defendants (plaintiffs in reconvention) in the very same position of which he now complains.
Therefore, for the foregoing reasons, the judgment of the trial court maintaining the peremptory exception of prescription in favor of defendant in reconvention (plaintiff in the main action), Cornell Keller, is hereby reversed. In finding as we do, we in no way reach the issue of whether the same result would be reached as to the additional defendants in reconvention who were brought into the suit for the first time in the reconventional demand.
Costs of this appeal are taxed to the appellee, Cornell Keller.
REVERSED AND REMANDED.