SCHOTT, Judge.
This case presents a prescription problem arising out of a two car collision which occurred on July 20, 1983. On June 11, 1984 original plaintiff, Edward Evans, one of the drivers, filed suit for his damages against the owner of the other car, Henry B. Elsas and Company, its insurer, St. Paul Fire and Marine Insurance Company, and plaintiff’s own uninsured motorist carrier, Connecticut Indemnity Company. He alleged that the Elsas vehicle was being driven by its employee, Kevin Mitchell. On August 8,1984 Connecticut filed its answer combined with a third party demand against Mitchell, Elsas and St. Paul seeking indemnity for whatever it might be cast in judgment on the principal demand. The third party demand was served on Mitchell on August 13, 1984. On November 26, 1984 Mitchell filed a petition of intervention against St. Paul alleging that he had been a passenger in the Elsas vehicle and that the driver was one Lawrence Winfield, an employee of Elsas. The trial court dismissed Mitchell’s petition on prescription of one year. The issue is whether LSA-C.C.P. Art. 1067’s provisions for a ninety day extension of prescription operates to save Mitchell’s claim as a result of subsequent pleadings filed by and between the other parties to the litigation.
Art. 1067 provides as follows:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Mitchell’s claim was not barred at the time Evans filed his main demand. However, Mitchell’s demand was not filed within ninety days from the date he was served with Connecticut’s third party demand so that his claim appears to have prescribed and that Art. 1067 did not apply. In order to avoid this result Mitchell relies upon subsequent procedural developments namely an amended petition filed on February 7, 1985 by original plaintiff, Evans, identical to his original petition except that Lawrence Winfield is alleged to be the driver of the Elsas vehicle; and a third party demand filed on April 4, 1985 by Connecticut also identical to its original demand except that Winfield is again substituted as the driver of the Elsas vehicle.
Mitchell argues that the filing of these amended pleadings placed him in the same position as the plaintiffs in reconvention in Keller v. Townsley, 462 So.2d 264 (La.App. 1st Cir.1984). In this case the court considered the following dates and happenings:
May 7,1981 Plaintiff, Keller, and defendant, Townsley, were in an accident.
May 6,1982 Keller sues Townsley, his employer, Corr, and their alleged insurer CNA.
February 10,1983 Keller files supplemental petition correcting defendant insurer to Continental, alleging more serious damages, and increasing his demand.
*538 Within ninety days of Keller’s supplemental petition Townsley, Corr and Continental reconvened against Keller for damages.
The court cited C.C.P. Art. 1153 which provides that an amendment to a pleading relates back to the filing of the original petition and implied that “main demand” as used in Art. 1067 did include this supplemental petition so that the reconventional demand against Keller was timely. However, the court made clear it was influenced by the fact that it was Keller’s own action in amending his claim against the defendants which gave rise to the running of another ninety day period for the filing of a reconventional demand by defendants.
The instant case is distinguishable. In the first place, when the ninety days ran after Connecticut's third party demand was served on Mitchell, Art. 1067 no longer applied and his claim was prescribed. Logic prevents the conclusion that an amended petition filed by plaintiff, Evans, almost six months after the ninety day period expired or an amended third party demand filed by Connecticut two months later could somehow resuscitate Mitchell’s long expired cause of action when these amended pleadings were not even directed against Mitchell but were filed for the sole purpose of identifying Winfield as the driver of the Elsas vehicle. In the Keller case, Keller himself revived defendants’ cause of action against him when he amended his petition. Had he not taken this action he would have been insulated from the reconventional demand.
The other case relied upon by Mitchell, Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982), is likewise inappo-site. There plaintiff’s original suit filed just before the anniversary date of the accident was not served on the adverse driver until two months later. The court held that an intervention filed by plaintiff’s employer for damage to its truck within ninety days of service on the adverse driver was timely under Art. 1067. In the instant case Mitchell failed to file his intervention within ninety days of service of Connecticut’s third party demand.
Accordingly the judgment appealed from is affirmed.
AFFIRMED.